IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

      Plaintiff,                      No. CIV S-07-2148 JAM KJM P

   vs.

COSTA, et al.,

      Defendants.          FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that in 2007, while housed at Mule Creek State Prison, defendant Costa applied leg shackles so tightly that they cut into plaintiff's ankles and defendant Ochoa refused plaintiff's request to loosen the shackles. Compl. at 3. Defendants have filed a motion to dismiss, alleging that plaintiff failed to exhaust administrative remedies before filing the instant suit.

        The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith

1

v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002).  Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...,"; Woodford v. Ngo, 548 U.S. 81, 90 (2006).  An inmate is required to exhaust only those remedies which are available; for a remedy to be "available," there must be the "possibility of some relief. . . ." Booth, 532 U.S. at 738.  The grievance process must be completed before the inmate files suit; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

Finally, to satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.

/////

/////

       Defendants have submitted declarations and a number of grievances filed by plaintiff while he was housed at Mule Creek State Prison. The first declaration is from S. Viles, a Staff Services Analyst with the Inmate Appeals Branch. Viles declares that a search of the database of all inmate appeals that received Director's Level decisions shows that only three of plaintiff's grievances made it to the Director's Level; that two of them were filed before the alleged incident in this case; and that the third challenges the results of a disciplinary proceeding. Viles Decl. ¶¶ 1, 11 & Exs. A (appeal history) & B (third grievance).[1] E. Reyes, the Appeals Coordinator at Mule Creek State Prison, avers that plaintiff did not file a grievance or staff complaint about the defendants' application of and refusal to remove the tight leg shackles. Reyes Decl. ¶¶ 1, 13 & Ex. A (Appeal Log).

       In his opposition, plaintiff concedes that he did not file a grievance about this incident "because the crime already happened so there was no need for me to write them up for it plus if I commit a crime I do not get wrote up . . . ." Opp'n at 1. Plaintiff thus appears to argue that the exhaustion requirement does not apply to his claim of a too-forceful application of restraints. However, in <u>Porter v. Nussle</u>, 534 U.S. at 532, the Supreme Court said "we hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Plaintiff's concession of his failure to exhaust is a sufficient basis for a dismissal of this action; it is bolstered by defendants' showing. <u>Wyatt</u>, 315 F.3d at 1120.

       IT IS HEREBY RECOMMENDED that the defendants' motion to dismiss (docket no. 20) be granted and this action be dismissed without prejudice.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[1] Exhibit B supporting Viles' declaration is, for the most part, unreadable. However, portions of this exhibit are also included in Exhibit A supporting the declaration of E. Reyes. <u>See</u> Reyes Decl., Ex. B, Docket No. 20-4 at 47-51 (CM/ECF assigned page numbers).

1 days after being served with these findings and recommendations, any party may file written
2 objections with the court and serve a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4 shall be served and filed within ten days after service of the objections.  The parties are advised
5 that failure to file objections within the specified time may waive the right to appeal the District
6 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 5, 2009.

_____
U.S. MAGISTRATE JUDGE

2
harp2148.57